UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT E. SEARS,

    Petitioner,

v.

WASHBURN, Superintendent,

    Respondent.

Case No. 2:20-cv-00861-AA

OPINION AND ORDER

AIKEN, District Judge.

    Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and challenges his convictions for Sexual Abuse in the First Degree. Petitioner contends that his attorney provided ineffective assistance by failing to ensure that petitioner fully understood his maximum sentencing exposure and the consequences of entering a no-contest plea. The Oregon post-conviction court rejected petitioner's claim in a decision that is entitled to deference, and the Petition is denied.

1   - OPINION AND ORDER

BACKGROUND

On September 1, 2015, petitioner was charged by secret indictment with three counts of Unlawful Sexual Penetration in the First Degree (Counts 1, 3, and 5) and three Counts of Sexual Abuse in the First Degree (Counts 2, 4, and 6). Resp't Ex. 102. The charges arose from the abuse of petitioner's niece, KD, between 2010 and 2015, when KD was under the age of twelve and petitioner was between the ages of seventeen and twenty-two. Resp't Exs. 102, 109.

Initially, petitioner was represented by Alison Gillespie Monroe Martin. In February 2016, she withdrew from representation and Scott Carter was appointed as petitioner's counsel of record. Resp't Ex. 116.

The parties eventually participated in judicial settlement negotiations and petitioner agreed to plead no contest to Counts 2 and 4, alleging Sexual Abuse in the First Degree, in exchange for the State's dismissal of the remaining counts and a recommended prison sentence of 150 months. Resp't Ex. 103. The trial court accepted petitioner's plea and imposed the stipulated sentence of 150 months' imprisonment. Resp't Exs. 101, 104.

Petitioner then sought post-conviction relief (PCR) and alleged that trial counsel provided ineffective assistance by incorrectly advising petitioner about the maximum sentence he could have faced at trial. Resp't Exs. 105-06. Petitioner claimed that, as a result of counsel's inaccurate advice, his plea was invalid because he would not have entered a plea had he known his sentencing exposure was less than counsel had advised. The PCR court denied petitioner's claim, finding that petitioner failed to show deficient performance by counsel or resulting prejudice. Resp't Ex. 118. The Oregon Court of Appeals granted the State's motion for summary affirmance and the Oregon Supreme Court denied review. Resp't Exs. 121, 125.

Petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2254.

DISCUSSION

Petitioner raises Three Grounds for Relief in his federal Petition. Pet. at 6-9 (ECF No. 1). However, in his supporting Brief, petitioner presents argument in support of only Ground One and does not dispute respondent's argument that Grounds Two and Three are procedurally defaulted. *See generally* Pet'r Brief (ECF No. 32); Response at 5 (ECF No. 10). Accordingly, petitioner fails to establish entitlement to habeas relief on Grounds Two and Three. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (stating that a habeas petitioner bears the burden of proving the asserted claims); *Davis v. Woodford*, 384 F.3d 628, 637-38 (9th Cir. 2004) (accord).

In Ground One, petitioner claims that Carter, his second appointed counsel, incorrectly advised him that all three counts of Unlawful Sexual Penetration in the First Degree carried a 300-month minimum sentence and petitioner likely faced a minimum sentence of fifty years if convicted on all counts at trial. Resp't Exs. 110, 115 at 13-14. Petitioner claims that, had he known his maximum sentencing exposure was less than fifty years, he would not have entered a plea and would have proceeded to trial. The PCR court rejected this claim, and respondent maintains that its decision is entitled to deference.

A federal court may not grant habeas relief regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority or reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an

"objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams,* 529 U.S. at 407-08, 413; *see Penry v. Johnson*, 532 U.S. 782, 793 (2001) ("even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable").

The right to the effective assistance of counsel extends to "the plea-bargaining process" and the decision whether to accept or reject a plea offer. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) ("During plea negotiations defendants are entitled to the 'effective assistance of competent counsel.'"). Under the well-established precedent of *Strickland v. Washington*, 466 U.S. 668 (1984), a habeas petitioner alleging the ineffective assistance of counsel must show that 1) "counsel's performance was deficient" and 2) counsel's "deficient performance prejudiced the defense." *Id.* at 687. To establish deficient performance, petitioner "must show that counsel's representations fell below an objective standard of reasonableness." *Id.* at 688. To show prejudice in the context of plea proceedings, petitioner must show that "the outcome of the plea process would have been different" and that he would have insisted on going to trial but for counsel's deficient advice. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *see Lafler*, 566 U.S. at 163. A "doubly deferential" standard applies when "a federal court reviews a state court's *Strickland* determination," *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010), and the state court "must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *See Harrington v. Richter*, 562 U.S. 86, 101 (2011).

During petitioner's PCR proceeding, the State conceded that Carter failed to advise petitioner that he was not subject to a minimum sentence of 300 months on two counts of

4    - OPINION AND ORDER

Unlawful Sexual Penetration in the First Degree, because petitioner was a minor when those offenses occurred. Instead, petitioner faced a 100-month minimum sentence if convicted of those two counts. Or. Rev. Stat. § 137.707(4)(a)(N). The State nonetheless maintained that Martin, petitioner's first counsel, knew petitioner did not face a 300-month sentence on two counts and she would have correctly advised him of the potential sentence he faced. *See* Resp't Ex. 111 at 7-9; Resp't Ex. 114 (as corrected); Resp't Ex. 117 at 17-19. The State also emphasized that Carter and Martin both advised petitioner that it was unlikely he would receive an aggregate sentence greater than 300 months. *Id.*; Resp't Ex. 116.

The PCR court determined that petitioner failed to prove counsel's performance was deficient or that he suffered prejudice as a result. Specifically, the PCR court found:

> Well, after reviewing all of the materials and listening to the arguments today and the testimony, I do find that the two trial attorneys were credible witnesses, and I do find that they did advise appropriately when it was all looked at, that there was a 25-year maximum out there, and the State's case was very strong. This issue of the defendant's admission to his sister, very powerful evidence. And so this plea negotiation does appear to be reasonable in all circumstances. It does appear that there is strong evidence that Mr. Sears is very much aware he's looking at 25 years, and 150 months is much less. So for all those reasons, I find that petitioner has not carried his burden of proof concerning his allegation, and for that reason, I will deny relief in this case.

Resp't Ex. 117 at 20-21. The PCR court also made the specific finding that petitioner was not credible and failed to prove "he would not have pled guilty" but for Carter's allegedly erroneous advice. Resp't Ex. 118 at 1.

Petitioner contends that the PCR court unreasonably found that his attorneys "did advise appropriately" when the State conceded that Carter did not correctly inform petitioner of the maximum sentencing exposure he faced if convicted on all counts at trial. Petitioner maintains that Martin's previous advice, if given, could not cure the erroneous advise given by Carter during the crucial stage of plea negotiations. Finally, petitioner argues that the PCR court

5    - OPINION AND ORDER

unreasonably found no prejudice when it relied on the strength of the State's case and the reasonableness of the plea agreement rather than petitioner's desire to proceed to trial. *See Lee v. United* States, 137 S. Ct. 1958, 1965 (2017) ("When a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial, we do not ask whether, had he gone to trial, the result of that trial 'would have been different' than the result of the plea bargain."). Respondent counters that, when considering the entirety of counsel's advice, the likely sentence petitioner faced after trial, and the favorable terms of the plea agreement, the PCR court reasonably found no deficiency by counsel or resulting prejudice. I agree.

In the PCR proceeding, Carter and Martin both asserted that they advised petitioner it was unlikely that he would receive a sentence greater than 300 months if he went to trial, even if a jury found him guilty on multiple counts. Resp't Exs. 114 at 4, 116. The PCR court found petitioner's attorneys credible and made the factual determination that counsel advised petitioner he most likely faced a 300-month, or twenty-five year, sentence if he proceeded to trial. Resp't Ex. 117 at 20-21. The PCR court's factual and credibility findings are binding on this Court absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e). The record supports the PCR court's findings, and it reasonably found counsel's advice appropriate in terms of the *most likely* maximum sentence petitioner faced at trial.

Further, the PCR court rejected petitioner's claim that he would not have entered a plea but for Carter's incorrect assertion that petitioner would receive a fifty-year sentence if convicted at trial, and this credibility finding is supported by the record. During his PCR deposition, petitioner conceded that, at the time of plea negotiations, he was attempting to avoid a sentence of twenty-five to fifty years. Resp't Ex. 115 at 7-8. As respondent points out, petitioner would have been subject to 100-month minimum sentences on two counts of Unlawful Penetration in

the First Degree and a 300-month minimum on the third count. *See* Or. Rev. Stat. §§ 137.690; 137.707(4)(a)(N). Thus, petitioner could have faced a 500-month aggregate sentence if found guilty on these counts, which was still far greater than the 25-year sentence he hoped to avoid through plea negotiations.

Further, no credible evidence of record suggests that petitioner would have forgone a 150-month stipulated sentence had he known his sentencing exposure on the three Unlawful Sexual Penetration counts was 500 rather than 600 months. Petitioner asserted no viable defense to the charges and the stipulated sentence of 150 months was considerably less than the 300- to 500-month sentence he would have faced if convicted at trial. Thus, this is not a case where "the respective consequences of a conviction after trial" or "by plea" are "similarly dire" such that "even the smallest chance of success at trial may look attractive." *Lee* 137 S. Ct. 1966; *see also id.* at 1966-67 ("For example, a defendant with no realistic defense to a charge carrying a 20-year sentence may nevertheless choose trial, if the prosecution's plea offer is 18 years."). In this situation, the PCR court did not unreasonably find that petitioner failed to show prejudice resulting from Carter's allegedly inaccurate advice. *Id.* at 1966 (explaining that, generally, a defendant "without any viable defense" at trial "will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial").

Accordingly, petitioner fails to show that the PCR court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," and he is not entitled to federal habeas relief. *Richter*, 562 U.S. at 103.

///

///

7   - OPINION AND ORDER

## CONCLUSION

The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 1) is DENIED. A Certificate of Appealability is DENIED on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 24th day of August, 2022.

/s/Ann Aiken
Ann Aiken
United States District Judge